UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEVIN DEWAYNE MAYFIELD,

        Petitioner-Appellant:

v.                                           Civil Action No. 05-1155 UNA

JOSEPH V. SMITH, WARDEN,

        Respondent-Appellee:

NOTICE OF APPEAL
FROM THE DENIAL OF HABEAS CORPUS RELIEF
PURSUANT TO MEMORANDUM OPINION
FILED JULY 12, 2005

COMES NOW, THE PETITIONER-APPELLANT, Kevin Dewayne Mayfield, pro-se, (Hereinafter, "Petitioner") and moves this Honorable Court to enter his formal notice of appeal. In support of it is stated as follows:

**District of Columbia Code Ann. § 23-110(g) (1973)
Provides:**

"[A]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State1/ court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief,2/ **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.**"

---

1/ Note the distinction of 'state' (e.g., as the Supreme Court's Chief Justice Renhquist has referred to The District of Columbia as opposed to State as refferenced above.

2/ Petitioner was denied relief on his several motions filed under D. C. Code § 23-110.

In <u>Swain v. Pressley</u>, 430 U.S. 372, 51 L.Ed.2d 411, 97 S.Ct. 1224 (1977) the Supreme Court stated at [430 U.S. 381] as follows:

> [4a, 5] 'We are satisfied that the statute is valid, but we do not rest our decision on either of the broad propositions advanced by the Government. We are persuaded that the final clause in § 23-110(g) avoids any serious question about the constitutionality of the statute.

The <u>Swain</u> Court further stated as follows:

> "[T]hat clause allows the District Court to entertain a habeas corpus application if it "appears that the remedy by motion is inadequate or ineffective to test the legality of [the applicant's] detention."

(emphasis added by the instant Petitioner).

Also see, <u>United States v. Hayman</u>, 342 U.S. at 223, 96 L.Ed.2 232, 72 S.Ct. (footnote omitted):

> "[I]n a case where the Section (e.g., either 2255 or D. C. Code § 23-110's] procedure is shown to be 'inadequate or ineffective,' the Section[s] provides that the **habeas corpus remedy shall remain open** to afford the necessary hearing. Under such circumstances, we do not reach constitutional questions."

Likewise, notably, the Supreme Court in **Swain**, in dicta at footnote 20 stated:

> "[I]n this case we have no occasion to consider what kind of showing would be required to demonstrate that the § 23-110 remedy is inadequate or ineffective in a particular case, or whether the character of the judge's tenure might be relevant to such a showing in a case presenting issues of extraordinary public concern."

Dated: July 25, 2005

Respectfully submitted, *Kevin Mayfield*

KEVIN DEWAYNE MAYFIELD  7-25-05
Pro-Se Litigant